UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IRA ROBINS,

        Plaintiff,

  v.                                 Case No. 07-C-701

DAVID SCHANKER, et al.,

        Defendants.

**DECISION AND ORDER**

*Pro se* plaintiff Ira Robins filed this action against the clerk of the Wisconsin Supreme Court, as well as the acting clerk and the chief deputy clerk. Robins alleges that the clerk's office violated his right to due process when it failed to properly process his original action petition and associated his petition with an appeal of the criminal conviction of John R. Maloney. He also alleges the court failed to follow its own procedures when it did not appoint a court commissioner to investigate the complaint and make a recommendation as to its merits.

In his August 2006 original petition to the supreme court, Robins asked that the court appoint a special prosecutor to commence an investigation of alleged misconduct on the part of Gregory Eggum, a state DOJ investigator. The petition did not state on what basis the court would be authorized to "appoint" a prosecutor. In any event, on September 5, 2006, the clerk sent Robins a notice that the caption was being amended and was linked to circuit court case number 1998CF000693, the criminal felony case against John R. Maloney. The case was given a number, 2006AP2109-OA and was styled "In re: John Doe Complaint of Ira B. Robins, Complainant: <u>Robins</u>

v. Department of Justice." (Compl., Ex. B-1.) In a letter to the clerk, Robins objected to the new caption, noting that his case was an original petition rather than an appeal. (Compl., Ex. C.) In any event, the petition was summarily denied *ex parte* by court order on October 10, 2006. (Compl., Ex. D.) Robins then filed an open records request seeking such things as the name of the court commissioner assigned to review his case and the minutes of any meeting in which his case was discussed. Defendant Paulsen, the chief deputy clerk, responded by stating that the court did not release such information. Robins then wrote a letter requesting reconsideration of the denial of his petition. In it, he argues the court violated his Due Process rights by failing to appoint a commissioner to investigate his petition and erred by re-captioning his case to associate it with the criminal case of John Maloney. (Compl., Ex. H.) The court construed the letter as a motion for reconsideration and denied it. (Compl., Ex. I.)

Wis. Stat. § 809.70 provides, in relevant part: "A person may request the supreme court to take jurisdiction of an original action by filing a petition which may be supported by a memorandum." The statute thus allows litigants to "request" that the supreme court hear a case; there is no implied right to have such a hearing. In fact, the supreme court has emphasized its reluctance to take such cases. *See, e.g., Citizens Utility Bd. v. Klauser,* 534 N.W.2d 608, 608 (Wis. 1995). Accordingly, when the court exercises its discretion to deny such petitions, there is no review of that decision. The fact that Robins may have followed the correct procedures, paid the filing fee and filed the right number of copies did not entitle him to have his original petition heard by the state supreme court. Moreover, there is no indication that the caption of his case played any role in the outcome of his petition.

More importantly, however, this court lacks jurisdiction to review his case, which is why the complaint will be dismissed *sua sponte*. Federal district courts have original, not appellate, jurisdiction. Thus, a party aggrieved by the decision of a state court cannot institute a federal case in district court seeking review of that decision. This is true whether the party styles his complaint as an "appeal" or as an independent claim that the state court's decision violated his federal rights. This principle, known as the "Rooker-Feldman" doctrine, applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005). *Long v. Shorebank Development Corp.,* 182 F.3d 548, 557 (7th Cir. 1999) ("a litigant may not attempt to circumvent the effect of Rooker-Feldman and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action.")

Here, Robins alleges he was injured by the state supreme court's decision dismissing his petition. He argued to the supreme court that the clerk mis-captioned his case and that the court erred in failing to appoint a commissioner. The court denied relief. The present complaint is thus a *de facto* appeal of that decision – in fact, part of the relief sought is an order reinstating the petition in the Wisconsin Supreme Court and requiring that court to follow its own operating procedures. (Compl. at 16.) Because this court lacks jurisdiction to order such relief, the action must be dismissed with prejudice.

**SO ORDERED** this   3rd   day of August, 2007.

     s/ William C. Griesbach
     William C. Griesbach
     United States District Judge